IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SOLAR ENTERTAINMENT CORP., <br><br> Defendant. | Civil Action No._____ <br><br><br> JURY TRIAL DEMANDED <br><br> JANUARY __, 2013 |

## COMPLAINT

Plaintiff World Wrestling Entertainment, Inc. ("WWE"), by and through its undersigned counsel, hereby files this Complaint against Defendant Solar Entertainment Corp. ("Solar") and in support thereof states as follows.

## PARTIES

1.  Plaintiff World Wrestling Entertainment, Inc. is a Delaware corporation having its principal place of business at 1241 East Main Street, Stamford, Connecticut 06902. WWE is an integrated media and entertainment company principally engaged in the development, promotion, and marketing of television programming, pay-per-view programming and live arena events featuring its unique wrestling-based sports entertainment programming, and the licensing and sale of branded consumer products featuring its famous brands.

2.  Defendant Solar is a Philippine corporation with offices at the Century Tower Building, 100 Tordessillas St., Salcedo Village, Makadi City, Philippines. Solar is the

owner of certain broadcast and pay-per-view television channels in the Philippines, including those channels known as RPN 9, Solar Sports, and Jack TV.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. There exists complete diversity of citizenship between WWE and Solar and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.  This Court has personal jurisdiction over the parties, as Solar has consented to jurisdiction in this Court pursuant to (a) Section L(13) of the Standard Terms and Conditions of the International Television Rights License Agreement dated as of October 9, 2007 between Solar and WWE (the "Television Agreement"), and (b) the License Agreement effective as of January 1, 2009 between Solar and WWE with respect the broadcast of certain WWE pay-per-view programs and "Special Programs" (the "Pay-Per-View Agreement").

5.  Venue for this matter lies in this District under 28 U.S.C. § 1391(d), as an alien may be sued in any District. Furthermore, Solar has consented to venue in this District pursuant to Section L(13) of the standard terms and conditions of the Television Agreement.

## FACTUAL BACKGROUND

**A.    The Television Agreement**

6.  On or about October 9, 2007, WWE and Solar entered into the Television Agreement granting Solar the exclusive right and license to air certain specified WWE television programs in the Philippines via Free Television on the broadcast channel owned by Solar known as RPN 9 and via Pay Television on the broadcast channels owned by Solar known as Solar Sports and Jack TV. The term of the Television Agreement expired on March 4, 2012.

2

7. Pursuant to Section 4(a) of the Television Agreement, Solar was required to pay to WWE a particular license fee for each of the specified WWE programs to which Solar was granted rights under the Television Agreement. Payments were required to be made to WWE on a monthly basis. Over the five years of the Television Agreement, Solar was required to pay WWE license fees in the aggregate amount of $4,046,785.33.

8. On November 26, 2008, WWE and Solar executed an Amendment to the Television Agreement ("First Amendment") to expand the scope of Solar's licensed rights to also include Digital Video Broadcasting – Handheld ("DVB-H"). In consideration for this expansion of Solar's licensed rights to include DVB-H, the First Amendment required Solar to pay WWE an additional $63,810.00.

9. Accordingly, under the Television Agreement and the First Amendment, Solar was required to pay WWE a total of $4,110,595.33 in license fees over the term of the Television Agreement.

10. Section 8 of the Television Agreement provides that it "is subject to all of the provisions of the Standard Terms and Conditions that are attached to and made a part of this Agreement."

11. Pursuant to Section A(2) of the Standard Terms and Conditions to the Television Agreement, Solar was required to "pay WWE interest on any late payment at the lesser of (i) an annual rate of 2% over the prevailing prime interest rate in effect at JP Morgan Chase, New York, New York, on the date on which the outstanding amount of such late payment should have been received by WWE or (ii) the highest amount of interest allowed by applicable law."

**B.     The Pay-Per-View Agreement**

12.     Solar and WWE entered into the Pay-Per-View Agreement effective as of January 1, 2009.  The Pay-Per-View Agreement granted Solar the exclusive right and license to air in the Philippines certain WWE pay-per-view programs via Solar's subscription channel known as Solar Sports and "Special Programs" (as defined in the Pay-Per-View Agreement) via Solar's distribution network known as Jack TV.  The term of the Pay-Per-View Agreement expired on December 31, 2011.

13.     Pursuant to Section 5.0 of the Pay-Per-View Agreement, Solar was required to pay WWE license fees in respect of pay-per-view programs in the amount of 50% of Gross Video Revenue (as defined in the Pay-Per-View Agreement) for each such pay-per-view program.

14.     Pursuant to Section 6.0 of the Pay-Per-View Agreement, Solar was required to pay to WWE a particular license fee for each of the specified WWE "Special Programs" to which Solar was granted rights under the Pay-Per-View Agreement.  Over the term of the Pay-Per-View Agreement, Solar was required to pay WWE license fees in the aggregate amount of $451,782.70 in respect of Special Programs.

15.     Section 9.1 of the Pay-Per-View Agreement provides that "[a]ny License Fee which is not received, when due and payable, shall bear interest at the rate of one and one-half percent (1 ½%) per month computed from the original due date until paid; provided, however, that if the foregoing rate shall be in excess of the maximum permitted by law in the jurisdiction where such debt accrues, then such interest rate shall be adjusted downwards to the maximum permitted by applicable law."

### C.     The 2011 Deal Memo

16.     On our about December 13, 2011, WWE and Solar entered into a Deal Memo (the "2011 Deal Memo"), pursuant to which WWE agreed to license to Solar two additional pay-per-view programs in January and February 2012 (the "2012 Pay-Per-Views").

17.     Under the 2011 Deal Memo, Solar agreed to pay WWE a license fee of $10,800.96 for each of these pay-per-view programs. The aggregate license fees for the 2012 Pay-Per-Views totaled $21,601.92.

18.     The 2011 Deal Memo provided that the parties would use best endeavors to conclude a long form agreement embodying the terms of the deal memo; however, the 2011 Deal Memo further provided that the deal memo would remain in effect until such time as a long form agreement would be concluded embodying its terms.

19.     No long form agreement ever was concluded between WWE and Solar embodying the terms of the 2011 Deal Memo.

### D.     Solar's Breach of the Television Agreement, Pay-Per-View Agreement and 2011 Deal Memo

20.     Solar failed to pay WWE monies due and owing under the Television Agreement, Pay-Per-View Agreement, and 2011 Deal Memo.

21.     By letter dated February 15, 2012, WWE provided Solar with a "Formal Notice of Breach for Non-Payment of Invoices." WWE advised Solar that it had an outstanding balance of $960,105.92 under the Television Agreement and Pay-Per-View Agreement. Attached to WWE's February 15, 2012 letter was an "Appendix of Outstanding Invoices" that provided a detailed listing of the outstanding invoices and unpaid amounts totaling $960,105.92.

22.     To date, Solar has not paid WWE any of the outstanding amounts identified in the February 15, 2012 letter.

23. In addition to those outstanding amounts identified in WWE's February 15, 2012 letter, Solar also failed to pay WWE $21,601.92 due and owing under the 2011 Deal Memo for the 2012 Pay-Per-View Programs.

24. Accordingly, Solar's outstanding balance owed to WWE under the Television Agreement, Pay-Per-View Agreement and 2011 Deal Memo now totals at least $981,707.84.

25. Solar's outstanding balance of $981,707.84 does not include any interest to which WWE is entitled pursuant to Section A(2) of the Standard Terms and Conditions to the Television Agreement and Section 9.1 of the Pay-Per-View Agreement, nor any amounts that may be due under Section 5.0 of the Pay-Per-View Agreement.

**COUNT I—Breach of Contract**
**(Television Agreement)**

26. WWE realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

27. WWE has complied with all of its obligations under the Television Agreement.

28. The Television Agreement required Solar to pay WWE License Fees according to a specific payment schedule.

29. Solar failed to pay WWE License Fees due and owing under the Television Agreement.

30. Solar's failure to pay WWE License Fees due and owing under the Television Agreement constitutes breach of the Television Agreement.

6

31.     WWE is entitled to payment of all amounts due and owing under the Television Agreement.

32.     Additionally, as set forth above, under Section A(2) of the Standard Terms and Conditions of the Television Agreement, WWE is entitled to interest on all outstanding amounts thereunder.

**COUNT II—Breach of Contract**
**(Pay-Per-View Agreement)**

33.     WWE realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

34.     WWE has complied with all of its obligations under the Pay-Per-View Agreement.

35.     The Pay-Per-View Agreement required Solar to pay WWE License Fees in respect of pay-per-view programs and Special Programs.

36.     Solar failed to pay WWE License Fees due and owing under the Pay-Per-View Agreement.

37.     Solar's failure to pay WWE License Fees due and owing under the Pay-Per-View Agreement constitutes breach of the Pay-Per-View Agreement.

38.     WWE is entitled to payment of all amounts due and owing under the Pay-Per-View Agreement.

39.     Additionally, as set forth above, under Section 9.1 of the Pay-Per-View Agreement, WWE is entitled to interest on all outstanding amounts thereunder.

## COUNT III—Breach of Contract
## (2011 Deal Memo)

40. WWE realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

41. WWE has complied with all of its obligations under the 2011 Deal Memo.

42. The 2011 Deal Memo required Solar to pay WWE license fees in the aggregate amount of $21,601.92.

43. Solar failed to pay WWE license fees due and owing under the 2011 Deal Memo.

44. Solar's failure to pay WWE License Fees due and owing under the 2011 Deal Memo constitutes breach of the 2011 Deal Memo.

45. WWE is entitled to payment of all amounts due and owing under the 2011 Deal Memo.

## **PRAYER FOR RELIEF**

**WHEREFORE**, WWE hereby demands the following relief against Defendant Solar:

(a) Damages for unpaid license fees under the Television Agreement, Pay-Per-View Agreement, and 2011 Deal Memo;

(b) Interest on the total amount due WWE, as provided for in the Television Agreement and Pay-Per-View Agreement;

(c) Prejudgment interest under Connecticut law;

(d) Damages for any additional unpaid license fees owed through the date of judgment;

     (e)    Interest on any additional amounts of unpaid license fees owed through the date of judgment as provided for in the Television Agreement and Pay-Per-View Agreement; and

     (f)    Such other legal and equitable relief as this Court may deem just and proper.

**A JURY TRIAL IS HEREBY DEMANDED.**

Respectfully Submitted,

WORLD WRESTLING ENTERTAINMENT, INC.

/s/ Jonathan B. Tropp
Jonathan B. Tropp (ct11295)
DAY PITNEY LLP
One Canterbury Green
Stamford, CT 06901
Telephone: (203) 977-7300
Facsimile: (203) 977-7301
Email: jbtropp@daypitney.com
Its Attorneys

*Of Counsel*:
Jerry S. McDevitt
Curtis B. Krasik
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501
Email: jerry.mcdevitt@klgates.com

9