# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., | Case No. 3:13CV0125 (RNC) |
| Plaintiff, | |
| vs. | |
| SOLAR ENTERTAINMENT CORP., | |
| Defendant. | JUNE 21, 2013 |

## PLAINTIFF WORLD WRESTLING ENTERTAINMENT, INC.'S MEMORANDUM IN RESPONSE TO THE COURT'S JUNE 12, 2013 ORDER

Plaintiff World Wrestling Entertainment, Inc. ("WWE"), by and through its undersigned counsel, respectfully submits this memorandum in response (the "Response") to the Court's June 12, 2013 Order as to why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m).

Fed. R. Civ. P. 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).[1]

---

[1] Service upon a foreign corporation is governed by Fed. R. Civ. P. 4(h)(2), which is not specifically identified in Fed. R. Civ. P. 4(m). However, Fed. R. Civ. P. 4(h)(2) provides that service on a foreign corporation may be made "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." As a practical matter, therefore, service on a corporation in a foreign country is also governed by Fed. R. Civ. P. 4(f).

On its face, therefore, Fed. R. Civ. P. 4(m) expressly excludes service in a foreign country – which is the issue here – from the 120-day time limit for service. As such, courts "have consistently recognized that the 120-day time limit does not apply to service in foreign countries of individual or corporate defendants." *Parkins v. St. John*, 2004 U.S. Dist. LEXIS 13542, at *7 (S.D.N.Y. July 16, 2004); *see also Gessler v. Sobieski Destylarnia S.A.*, 2010 U.S. Dist. LEXIS 71414, at *9 (S.D.N.Y. July 16, 2010) ("Federal Rule of Civil Procedure Rule 4(m) exempts service in foreign countries from the general 120-day time limit for serving a summons and complaint.").[2]

Should the Court nevertheless conclude that the 120-day deadline in Rule 4(m) applies, Plaintiff in the alternative requests an extension of time for good cause to effectuate service. The Complaint in this matter was filed on January 25, 2013. As alleged in the Complaint, Defendant Solar Entertainment Corp. ("Solar") is a Philippine corporation with its offices in the Philippines. *See* Complaint at ¶ 2. After filing the Complaint, counsel for WWE determined that the Philippines is not a party to the Hague Convention governing the service of judicial documents in foreign countries. WWE, therefore, first attempted to effectuate service on Solar consensually by sending Solar a Request to Waive Service of Summons pursuant to Fed. R. Civ. P. 4(d). A copy of WWE's Request to Waive Service of Summons dated March 22, 2013 is attached hereto as Exhibit 1. Rule 4(d) affords a defendant 60-days "if sent to the defendant outside any judicial district of the United States" within which to return the waiver. That 60-day deadline expired on May 21, 2013.

---

[2] As discussed below, notwithstanding the absence of a deadline for service in a foreign country, WWE has in fact made good faith efforts to meet the service requirement. *See Usha (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133-34 (2d Cir. 2005)(requiring plaintiff at least to attempt service in a timely fashion).

2

Having received no waiver by May 21, 2013, counsel for WWE determined that Solar would not agree to effectuate service by consent and began to investigate available means to serve Solar by compulsion. WWE initially expected to be required to pursue Letters Rogatory, a burdensome and time-consuming procedure. WWE's research into other possible alternatives was ongoing when WWE received this Court's show cause order.

Subsequently, among the available means of compulsory service identified in the course of its investigation, counsel for WWE identified the "Instructions for Service of Process on a Foreign Defendant" issued by this Court for service pursuant to Fed. R. Civ. P. 4(f)(2)C)(ii). In accordance with those Instructions, on June 18, 2013, counsel for WWE forwarded to the Clerk's Office a request for service pursuant to Rule 4(f)(2)(C)(ii) along with the materials necessary to serve the summons and complaint on Solar. A copy of WWE's June 18, 2013 submission to the Clerk's Office is attached hereto as Exhibit 2.

Accordingly, this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) because (1) the 120- day time limit for service does not apply to service on Solar in the Philippines in light of WWE's efforts to attempt to effectuate service within that 120-day period, and (2) WWE has submitted a request to the Clerk's Office to effectuate service pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii) in accordance with this Court's "Instructions for Service of Process on A Foreign Defendant."

    Respectfully Submitted:

    /s/ Jonathan B. Tropp
    Jonathan B. Tropp  (ct11295)
    DAY PITNEY LLP
    One Canterbury Green
    Stamford, CT 06901
    Telephone:  (203) 977-7300
    Facsimile:   (203) 977-7301
    Email:  jbtropp@daypitney.com

*Of Counsel*:
Jerry S. McDevitt
Curtis B. Krasik
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501
Email: jerry.mcdevitt@klgates.com