UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT


– – – – – – – – – – – – – – – x
                              :
WORLD WRESTLING              :    No. 3:13CV125(RNC)
  ENTERTAINMENT, INC.,        :
                              :
            Plaintiff,        :
                              :
        vs                    :
                              :
SOLAR ENTERTAINMENT,          :
                              :    HARTFORD, CONNECTICUT
            Defendant.        :    February 7, 2014
                              :
– – – – – – – – – – – – – – – x



TELEPHONE CONFERENCE




    BEFORE:

        HON. ROBERT N. CHATIGNY, U.S.D.J.






                              Darlene A. Warner, RDR–CRR
                              Official Court Reporter

1    APPEARANCES:

2        FOR THE PLAINTIFF:

3            DAY PITNEY LLP–STMFD
                 One Canterbury Green
4                Stamford, Connecticut 06901
             BY:  JONATHAN B. TROPP, ESQ.
5
             K & L GATES, LLP
6                K & L Gates Center
                 210 Sixth Avenue
7                Pittsburg, Pennsylvania 15222–2312
             BY:  CURTIS B. KRASIK, ESQ.
8
         FOR SOLAR ENTERTAINMENT:
9
             CHRISTINE A. DIXON, ATTORNEY AT LAW
10               11024 Mill Center Drive
                 Owings Mills, Maryland 21117
11           BY:  CHRISTINE A. DIXON, ESQ.

12           LAW OFFICES OF KEVIN R. JOINER, LLC
                 1 Congress Street, Suite 206
13               Hartford, Connecticut 06114
             BY:  KEVIN R. JOINER, ESQ.
14

15       FOR FOX INTERNATIONAL CHANNELS PHILIPPINES:

16           SHIPMAN & GOODWIN
                 300 Atlantic St., Suite 300
17               Stamford, CT 06901–3522
             BY:  ALISON P. BAKER, ESQ.
18

19

20

21

22

23

24

25

1          2:00 P.M.

2

3          THE COURT:  Hello.

4          MR. TROPP:  Good afternoon, Judge Chatigny.

5          THE COURT:  Good afternoon.  Would you please

6     identify yourselves for the record?

7          MR. TROPP:  Your Honor, Jonathan Tropp of Day

8     Pitney for the plaintiff, World Wrestling Entertainment,

9     Inc., and with me on the line from K & L Gates is Curt

10    Krasik.

11         MS. BAKER:  Good afternoon, Your Honor, Alison

12    Baker, Shipman & Goodwin, representing third party

13    defendants FIC Philippines.

14         THE COURT:  Good afternoon.

15         MR. JOINER:  Good afternoon, it's Kevin Joiner

16    and Christine Dixon representing the defendant Solar

17    Entertainment, Inc.

18         THE COURT:  Very good, thank you.

19         This is a telephone status conference in a case

20    that appears to be a source of quite a bit of work for all

21    concerned since it was filed.  We have a number of pending

22    motions.

23         We have a motion to dismiss Solar's

24    counterclaims, which I think is now fully briefed as a

25    result of the filing of a reply brief last week; we've got

1    a motion to dismiss filed by Fox a couple of weeks ago;

2    and we have a motion for leave to amend filed by Solar

3    earlier this week; and this all follows prior motion

4    practice.  So it's been an actively litigated case since

5    it was filed about a year ago.

6              Is there any chance that you folks would be able

7    to resolve this litigation?

8              MR. TROPP:  Your Honor, Jonathan Tropp.

9              I think that there is always such a chance, but

10   as Your Honor may recall from the last time we spoke and

11   obviously from the fact that we have pending the motion to

12   dismiss and strike, there is a fairly strong disagreement

13   between WWE and Solar with respect to the vitality of

14   Solar's position in this case.

15             We commenced this case as a simple claim for

16   monies owed under a contract, and the allegations brought

17   by WWE are not particularly in dispute, but there have

18   been an entire array of defenses interposed including, for

19   example, the claim that the contract under which we sued

20   was unconscionable.  And although Your Honor I think

21   addressed that in denying -- I'm sorry, in denying Solar's

22   motion to dismiss for lack of personal jurisdiction,

23   concluding that the contract was between two sophisticated

24   entities for a lot of money, still interposed is this

25   defense and counterclaim that the contract is

1     unconscionable.  That's just to give one example.

2          So as Your Honor remarked, our motion is fully

3     briefed except for oral argument on April 4.  And although

4     I don't mean to suggest that the case can't be resolved

5     without having had that motion addressed, I do think it

6     would be helpful if Your Honor were able to hear that

7     motion sooner.

8          THE COURT:  Well, Mr. Tropp, I appreciate your

9     comments.  I wish I could hear it sooner, too.  That would

10    mean that my schedule isn't as it actually is.  But does

11    anybody else want to comment?

12         No?  All right.

13         What I will do, Mr. Tropp, is I will look at

14    your paperwork and see if maybe I can rule on the papers.

15         MR. TROPP:  Your Honor, thank you.

16         I should perhaps add to what I said.  Although

17    I'm delighted Your Honor's offering and I do hope that you

18    would be able to resolve our motion on the papers, but the

19    issue has become a little bit more clouded in the last

20    week because notwithstanding the prefiling conference that

21    Your Honor held in which the defendant Solar selected not

22    to seek to replead its allegations before we moved, after

23    we moved Solar has now filed a motion for leave to amend.

24    And we think that that motion is both too little and too

25    late.

1    We think that it's too late because the

2    opportunity to amend was presented in connection with the

3    prefiling conference and was not taken.  And too little

4    because the proposed amended pleading would not in fact

5    cure the deficiencies.  It would remain -- all of the

6    claims that we challenge would remain inadequate.  And so

7    we think that the proposed amendment is futile.

8    And I don't know whether Your Honor wants to

9    have full briefing on the motion for leave to amend or how

10   you'd like to approach it, but I did want to call to the

11   Court's attention that Solar has now taken the position,

12   having failed to amend when invited, that our motion to

13   dismiss is moot or mooted by their motion for leave to

14   amend.  And frankly I'm surprised that they then argue in

15   their motion for leave to amend that there's no prejudice

16   to us given the position they're taking, that the time and

17   energy we invested in our motion is wasted.

18   THE COURT:  Does Solar's counsel care to

19   comment?

20   MS. DIXON:  Judge Chatigny, this is Christine

21   Dixon.

22   I would object to you ruling on the motion to

23   strike without oral argument.

24   I would also like to comment that under the

25   Federal Rules of Civil Procedure, we can move for leave to

1    amend at any point before trial.  I don't believe that in

2    our last prehearing that we gave that right up.  Our last

3    prehearing concerned only the motion for leave by --

4    presented by the WWE to make its response, and its only

5    response to Solar's counterclaims and affirmative defense

6    was a motion to strike and a motion to dismiss.  And at

7    that point that was what I believe Your Honor decided was

8    to grant them the right to make this response as their

9    only response.

10          So I don't think at this point it would be

11   appropriate to make a ruling on paper and also to make a

12   ruling that Solar can never move for leave to amend its

13   pleadings in regards to responding or amending its

14   counterclaims.  I think that would be improper under the

15   Federal Rules.

16          So I'm not really even -- I hear what Mr. Tropp

17   is saying, but I'm really not understanding how he would

18   argue that we somehow waived this right and this right has

19   been taken from us.  But I think that's why I was kind of

20   quiet for awhile, because I'm trying to follow this

21   argument.

22          But that would be my only comment here, that,

23   you know, absent -- you know, that would be gross inequity

24   to actually deny us the right to oral argument and also

25   deny us the right to amend our complaint.

1          THE COURT:  Well, my recollection is at the
2    prefiling conference, I asked whether it was agreeable to
3    proceed as we usually do with regard to a motion to
4    dismiss in this district; that is to say, we agree that if
5    the plaintiff wants an opportunity to amend in the face of
6    the motion to dismiss, it's agreed that if the complaint
7    is amended and a new motion to dismiss is filed, the
8    plaintiff will not ask for leave to amend yet again.  That
9    is my recollection of what we talked about, and my
10   recollection is that Solar's counsel declined that
11   invitation wanting to reserve an opportunity to seek leave
12   to amend as often as might be reasonable in the eyes of
13   Solar's counsel.  That's my recollection of what happened.
14          Is that your recollection, Mr. Tropp?
15          MR. TROPP:  Your Honor, I think just
16   substituting plaintiff and counterclaim for plaintiff,
17   then yes, my recollection is that there was a discussion
18   that resulted in Solar purporting to reserve its rights.
19   But I understood that that would be to bring an amended
20   pleading after the Court ruled on our motion if and to the
21   extent that it became appropriate to do so.
22          It's quite a different thing to wait to see our
23   papers and then without waiting for the Court to rule
24   simply trying to moot them in advance.
25          MS. DIXON:  Mr. Tropp, just so I can interject

1    one thing here, if I recall -- and we can review the

2    transcript -- this discussion began to be centered around

3    the fact that we had not yet accomplished any discovery.

4    And one of the points that I made and articulated I

5    believe very well to the Judge's satisfaction was that we

6    had not yet done any discovery, even as so much as me even

7    doing discovery with my client.

8              And so me going ahead and amending a complaint

9    at that point would have not really served my client well

10   at all.  It was not simply done to see your papers first.

11   It was done because I wanted to see what my client had in

12   its entirety with regards to the case.  And we had not

13   gotten to that point yet where we had even done any

14   discovery.

15             And the point we were trying to make was that we

16   did not see the need for the motion filing prior to

17   discovery.  And this is how the whole discussion then

18   turned as to the questions that I asked of the WWE in or

19   discovery request, and that's how we got centered into

20   that discussion.

21             So I beg for you to relook at how you're

22   phrasing the statement.  We did not do that so we could

23   see your pleadings first.  We did that so that we could

24   amend and amend properly if need be.

25                  MR. TROPP:  Your Honor --

1    MS. DIXON:  -- with the proper information to

2  plead specifically the things we needed to plead

3  specifically.

4    MR. TROPP:  Your Honor, it was not my intention

5  in raising this issue to have a long debate about the

6  exact resolution or lack of resolution on the -- at the

7  prefiling conference.  My more fundamental point is that

8  what we now have is a status in which before the Court can

9  turn to our motion to dismiss or strike, it must first

10  consider the effect of the pending motion for leave to

11  amend.

12    And if Your Honor is inclined to permit the

13  motion for leave to amend to be considered, then what

14  might make sense is for WWE to file an opposition to that

15  motion which, if sustained, would allow the motion to

16  dismiss or strike to be resolved on the current briefing

17  and, if otherwise, perhaps our opposition brief can be

18  considered as well as an additional brief in support of

19  our motion to dismiss or strike in light of the new

20  allegations.

21    In other words, we'll address what we perceive

22  to be the futility of the proposed amendment so that Your

23  Honor can grant the motion to dismiss or strike as to the

24  entirety of Solar's pleading without having to first moot

25  our motion, then deal with the motion for leave to amend

1    and then cause us to file yet another motion to dismiss or

2    strike.

3              In other words, I'm hoping to simply expedite

4    the process by having our brief in response to the motion

5    for leave do double duty.

6              THE COURT:  That's all right with me.  If that's

7    what you'd like to do, that's okay with me.

8              How about Fox?  Fox has moved to dismiss on the

9    ground that the case that Solar would like to pursue

10   against Fox doesn't belong in Connecticut and also on the

11   ground that the third party complaint against Fox doesn't

12   state a valid cause of action.

13             MS. BAKER:  That's right, Your Honor.

14             THE COURT:  Solar's response to that is due in a

15   week or so.

16             MS. DIXON:  It's due, I believe, on next

17   Thursday.

18             THE COURT:  Okay, and Fox will want to file a

19   reply?

20             MS. BAKER:  We anticipate that we will want to

21   file a reply, yes, Your Honor.

22             THE COURT:  Well, does counsel for Solar or Fox

23   want to comment on Mr. Tropp's suggestion with regard to

24   how we ought to proceed?

25             MS. BAKER:  Your Honor, from our perspective,

1    the proposed amendments to Solar's pleadings I think do

2    not -- will not impact Fox's motion to dismiss, although

3    there are certain -- or there were previously, at the time

4    we filed our motions -- a number of allegations that were

5    alleged as to WWE and as to Fox, identical allegations.

6    At this point the allegations against Fox have not been

7    amended or even proposed to be amended.

8           So I don't -- I think from our perspective,

9    however Your Honor elects to handle the proposed amendment

10   and WWE's motion to dismiss, we don't believe will impact

11   the adjudication of our motion to dismiss.

12           THE COURT:  Okay, thank you.

13           Any other comments?

14           MS. DIXON:  Judge, I just wanted to say, we have

15   not elected as of yet to amend the complaint against Fox

16   for the same reason as we did when we did timely amend the

17   one against WWE.  I am awaiting a decision made as to

18   whether or not they're going to go forward with amending.

19   So I do not want to foreclose that, but I just wanted to

20   let you know this is why you have not seen it.

21           I'm not -- contrary to what perhaps WWE

22   believes -- we're not about filing claims willy-nilly.  So

23   we are trying to have a discussion with the client to find

24   out whether that will happen and we'll, you know,

25   certainly address that in due course.

1          As to the way this proceeds, my concern, Your

2    Honor, is the effect on the scheduling order.  As it turns

3    out, I think somehow the -- not having a ruling made on

4    this motion to dismiss that's pending with the WWE has

5    somewhat affected our discovery.  I'm not sure.  The

6    gentleman may disagree with me here, but it seems as

7    though the feeling is that until a decision is made, there

8    is nothing that Solar can request that is relevant.  And

9    so I just wondered if you cleared up as to whether or not

10   we proceed according to the scheduling agreement --

11   scheduling order.  As to the case, meanwhile we're waiting

12   until oral argument.

13          And I think that's the concern that we're having

14   is that we're kind of -- as to Fox, we have not yet had a

15   Rule 26(f) meeting.  I'm not sure if we're supposed to

16   have one.  According to the rules, we should have or

17   should have already had one.  But that's the concern that

18   we have, is to kind of address where we go on the

19   scheduling order pending all of these different rulings on

20   motions.

21          THE COURT:  Well, with regard to the 26(f)

22   conference with Fox, I don't know what the timing is at

23   this point.  I don't know if the date for that conference

24   has passed.

25          MS. DIXON:  Yes, Your Honor, it has technically

1    passed.

2              THE COURT:  Okay.  Well, I think that the focus

3    with regard to the third party complaint against Fox

4    properly belongs on the question whether the case can be

5    conducted here.

6              If you look at the motion to dismiss, I think it

7    makes a strong argument.  I haven't reached any final

8    decision, of course, because I haven't heard your side of

9    it, but on the face of it, it certainly appears to be

10   quite a strong argument, and I wouldn't want Solar or Fox

11   to be incurring additional expense in this case if the

12   case doesn't belong here.

13             So while Solar may wish to amend the complaint

14   against Fox and while Solar may have an opportunity to do

15   that, I think the focus really ought to be on the forum

16   non conveniens argument, and I would urge you to please

17   focus on that so we can properly analyze that and make a

18   decision and proceed from there.

19             MS. DIXON:  Okay.

20             THE COURT:  With regard to --

21             MS. DIXON:  And we have been on our briefing.

22   We're actually almost complete with it, so you will have

23   it on the 13th or before.

24             THE COURT:  All right, thank you.  With regard

25   to discovery, I don't recall staying discovery in this

1    case.  Perhaps I'm mistaken, but I don't remember doing

2    so; and in the absence of a stay, discovery is available.

3    So I don't know what else to tell you with regard to

4    discovery.

5               MS. DIXON:  I think just having you say that,

6    Your Honor, is sufficient, because that has been my

7    understanding, and Solar has complied with discovery as so

8    far as we can without, you know, breaking privilege and so

9    forth.

10              But there was I think some misunderstanding as

11   to where the November 21 hearing left things.  So I just

12   wanted to get clarification on that.

13              MR. TROPP:  Your Honor, Jonathan Tropp.  I think

14   it might be helpful for me to speak briefly on this, and

15   Mr. Krasik may want to speak as well.

16              First of all, it's important to be clear that

17   WWE, who against these allegations are being slung, has

18   certainly not taken the position that nothing is relevant.

19   We received discovery responses and we provided responses

20   to those discovery responses.  In many instances we

21   provided full and complete answers.  In some instances, in

22   light of objections that we made, we did not provide

23   responses.  Those objections, in many instances, are based

24   upon our position that the discovery being sought by Solar

25   is irrelevant to any issue in the case, any claim or

1    defense, and so improper under Rule 26(b), irrespective of
2    Your Honor's ruling, whenever it may come on our motion to
3    dismiss and strike.

4         There are a few places, a very small number,
5    where we also objected that discovery being sought was
6    with respect to claims that we don't believe belong in
7    this case and principally on that basis did not provide
8    some certain responses.  And we met and conferred with
9    Ms. Dixon with respect to that and have agreed to talk
10   with our client about whether there's an opportunity to
11   supplement in certain ways and have agreed to get back to
12   her.  We've not yet had an opportunity to do that.  There
13   is no motion to compel pending, nor would one be ripe.

14        But I didn't want Your Honor to believe that the
15   WWE has simply stonewalled the discovery.  Quite to the
16   contrary.  We have provided responses and are continuing
17   to try to meet our discovery obligations.

18        THE COURT:  All right, very good, thank you.
19        Anything further for today?
20        MR. TROPP:  Your Honor, there is one more
21   matter, if I may?

22        Also pending, docket number 32 is the motion for
23   the admission of Mr. Krasik pro hac vice, and I don't
24   believe that's been acted upon.  There's been no objection
25   to it.  And although Mr. Krasik has been silent on this

1    call, I think that it would be helpful if that motion
2    could be allowed.
3              THE COURT:  Looking at the docket sheet, it
4    appears to me that the motion was granted, but if it
5    wasn't granted, it certainly will be.  It doesn't show up
6    as a --
7              MR. TROPP:  Thank you, Your Honor.
8              THE COURT:  It doesn't show up as a pending
9    motion.  So I think that it must have been granted at some
10   point and you just didn't get notice.  But we'll
11   doublecheck.  In any event, please deem it granted.
12             MR. TROPP:  Thank you, Your Honor.
13             MS. DIXON:  It's on docket 36 as being an order
14   granted on the 22nd of November.
15             MR. TROPP:  I apologize, Your Honor.  It is
16   there.  I looked for it today and couldn't find it, but
17   it's there.  I apologize.
18             THE COURT:  All right.  Anything else?
19             MR. KRASIK:  Your Honor, this is Curt Krasik.
20             With that invitation, let me just say that, as I
21   think you appreciate and John made clear earlier in the
22   call, the difficulty that we're facing here is that
23   Solar's counterclaims has so radically purported to expand
24   the scope of this case and in ways that we believe are
25   legally deficient and have laid out so in our motion to

1  dismiss.

2      So while we understand the local rule that the

3  filing of a motion does not stay discovery, I think that

4  further militates in favor of the procedure John laid out

5  to expeditiously address the issues in our motion to

6  dismiss/opposition to their motion for leave as quickly as

7  possible, you know, to try to identify the proper scope of

8  this litigation.

9      THE COURT:  Okay.  Well, I appreciate your

10 comments, and certainly in the best of all possible worlds

11 this system would not impose the burdens of unnecessary

12 discovery on anybody.  In the world we live in, the

13 pendency of a motion to dismiss doesn't stay discovery

14 unless the motion to dismiss on its face appears to be

15 likely to succeed and if granted would moot the need for

16 the discovery because there would be no further litigation

17 here or anyplace else.  If that standard is met, then a

18 stay is warranted.  If not, then generally speaking a stay

19 is not warranted.

20     But I appreciate the work that has been done so

21 far.  I understand from Mr. Tropp's comments that WWE is

22 cooperating in discovery, and I appreciate that.

23     But yes, I will endeavor to give you a prompt

24 ruling on the motion to dismiss, and I guess that's all I

25 can say today.

1          MS. DIXON:  So, Judge, are we taking from that

2     that you are not granting oral argument as you had before?

3          THE COURT:  I'll look at the papers and if it

4     seems to me that I'm not going to benefit from oral

5     argument and I can rule promptly, then that's what I will

6     do.  Oral argument is nice and I would be happy to meet

7     you and have you come and make an oral argument, but I

8     don't want to mislead you, I'm not going to wait until

9     April to have you come here if it looks to me like I can

10    rule in advance.  So I'll take a look at the papers and

11    we'll let you know if we're going to be dispensing with

12    oral argument.

13          Unless you hear from us, you can assume that

14    we'll be seeing you in April.  But there is some chance, I

15    can't tell you what the odds are, but there is some chance

16    that after looking at the papers, I'll decide that I don't

17    need oral argument.

18          Okay?

19          MS. DIXON:

20          MS. BAKER:  Your Honor, Attorney Baker, just one

21    clarification with respect to the scheduling order.

22          Should we assume as the third party defendant

23    that we are also to abide by the scheduling order as set

24    forth in document 20 on the docket?

25          We came into this action of course a little bit

1    later than all parties, but we certainly don't want to

2    delay the adjudication of the action as a whole.  We just

3    want to make sure we're preserving the rights that need to

4    be and taking the appropriate actions to protect our

5    client.

6              THE COURT:  Well, I think that if you were to

7    comply with the existing scheduling order, you would risk

8    no prejudice to your client at all.  On the other hand, it

9    may not be fair to expect you to do that.

10             From my point of view, as I said before, the

11   first order of business with regard to the third party

12   complaint is your argument that the case doesn't belong

13   here, and I think your client's interest is adequately

14   protected if we just focus on that right now.  If that

15   proves to be a winner, then you're all set.  If it proves

16   not to be a winner, then at that point, I think you're

17   going to need to have what amounts to a 26(f) conference

18   and propose a schedule to me.

19             MS. BAKER:  Very good.  Thank you, Your Honor.

20             THE COURT:  Okay?

21             Anything else?

22             Hearing nothing, I'll wish you all a good

23   weekend.

24                  (Proceedings adjourned at 2:31 p.m.)

25

1                    C E R T I F I C A T E

2

3                    In Re: WWE vs. SOLAR

4

5

6          I, Darlene A. Warner, RDR-CRR, Official Court

7    Reporter for the United States District Court for the

8    District of Connecticut, do hereby certify that the

9    foregoing pages are a true and accurate transcription of

10   my shorthand notes taken in the aforementioned matter to

11   the best of my skill and ability.

12

13

14

15
                    /s/_____
16
                      DARLENE A. WARNER, RDR-CRR
17                       Official Court Reporter
                       450 Main Street, Room #223
18                     Hartford, Connecticut 06103
                           (860) 547-0580
19

20

21

22

23

24

25