IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., | ) ) ) | Civil Action No. 3:13cv00125(RNC) |
| Plaintiff and Defendant-in-Counterclaim, | ) ) ) ) | |
| VS. | ) ) | |
| SOLAR ENTERTAINMENT CORP., | ) ) | MAY 9, 2013 |
| Defendant, Plaintiff-in-Counterclaim, and Third-Party Plaintiff | ) ) ) ) ) | |
| VS. | ) ) | |
| FOX INTERNATIONAL CHANNELS PHILIPPINES CORP., | ) ) ) ) | |
| Third-Party Defendant. | ) ) | |

## JOINT STATUS REPORT OF PARTIES

Plaintiff and Defendant-in-Counterclaim World Wrestling Entertainment, Inc. ("WWE"), Defendant, Plaintiff-in-Counterclaim and Third-Party Plaintiff Solar Entertainment Corp. ("Solar"), and Third-Party Defendant Fox International Channels Philippines Corp. ("FIC-Philippines") jointly submit the following status report pursuant to the October 10, 2013 Scheduling Order.[1]

---

[1] WWE and Solar submitted an initial status report on November 11, 2013. The parties also participated in a status conference on February 7, 2014, approximately 90 days after the initial report. This report is submitted after an approximate additional 90-day interval.

A. STATUS OF THE CASE

1. Pleadings

WWE commenced this case on January 25, 2013, seeking damages for breach of three contracts. (Doc. 1.) On October 25, 2013, Solar filed three pleadings: (1) a motion to dismiss for lack of personal jurisdiction and improper service of process (Doc. 22); (2) an answer and counterclaims in response to WWE's complaint (Doc. 25); and (3) a third-party complaint against FIC-Philippines and Studio 23 (Doc. 24.). On November 21, 2013, the Court denied Solar's motion to dismiss. (Doc. 34.) On December 13, 2013, Solar voluntarily dismissed its claims against Studio 23. On December 10, 2013, WWE moved to dismiss all counterclaims and strike all affirmative defenses in Solar's response to the complaint (Doc. 40), and, on January 23, 2014, FIC-Philippines moved to dismiss Solar's third-party complaint (Doc. 58). On February 4, 2014, Solar moved for leave to amend its claims and defenses against WWE. (Doc. 67.) The Court heard oral argument on WWE's and FIC-Philippines' motions attacking Solar's pleadings and Solar's motion for leave to amend on April 4, 2014, taking all three motions under advisement.[2]

2. Case Management

On October 7, 2013, WWE and Solar submitted a joint report of parties' planning meeting pursuant to Rule 26(f). FIC-Philippines had not, at the time, yet been impleaded. The Court subsequently excused Solar and FIC-Philippines from the case planning requirement, pending the outcome of FIC-Philippines' dispositive motion.

---

[2] During oral argument, counsel for WWE proposed that the Court grant Solar's motion for leave to amend, and then treat WWE's opposition to that motion along with WWE's brief attacking the original pleading, together, as support for a renewed motion addressed to the amended pleading. Though the Court appeared to approve the suggestion, the Minute Entry of the proceedings states all three motions were taken under advisement. (Doc. 76.)

3. Discovery

WWE and Solar have exchanged Initial Disclosures. Each has also served and responded to written discovery requests from each other. No depositions have yet been taken. FIC-Philippines has not yet participated in any discovery.

WWE served limited follow-up written discovery requests addressed to the issues raised in WWE's complaint on May 5, 2014. In the event WWE's motion to dismiss/strike Solar's counterclaims is denied, either in whole or in part, WWE anticipates that it will need to seek additional discovery related to any surviving counterclaims or defenses, including a Rule 30(b)(6) deposition of Solar.

Solar believes WWE's written discovery responses to be inadequate, which WWE disputes. Pursuant to this Court's procedures, counsel for Solar and WWE together contacted Chambers on April 9, 2014 to request a discovery conference. No conference has been scheduled, and the discovery dispute may be rendered moot by the Court's ruling on WWE's dispositive motion. Solar has not yet served any discovery requests beyond its initial requests and has not served any deposition notices.

4. Summary Judgment

On May 1, 2014, counsel for Solar and WWE met to confer regarding summary judgment motions. Pursuant to paragraph 12 of the Court's Scheduling Order Regarding Case Management Plan (Doc. 20), on May 7, 2014, WWE requested a prefiling conference in anticipation of a motion for summary judgment to be filed after the close of discovery, both with respect to Solar's counterclaims and defenses (should any survive the pending motion to dismiss/strike) and with respect to WWE's own claims.

Solar disputes that summary judgment is appropriate as to its defenses and counterclaims.

5. Compliance with Scheduling Order

WWE believes that the parties are on schedule to comply with the Scheduling Order, which calls for the close of discovery by June 23, 2014. In particular, it believes discovery will be completed with respect to the claims asserted in WWE's complaint. WWE intends to disclose its damages analysis by May 23, 2014, as ordered, and does not intend to disclose any expert witnesses with respect to issues on which it bears the burden of proof. WWE has not yet pursued discovery on issues related to Solar's claims and defenses. If the Court denies WWE's motion, in whole or in part, especially as we get towards the end of the discovery period, an extension of the discovery deadline might be required to conduct the additional discovery that might then be appropriate. If WWE's motion is granted, WWE contemplates no discovery beyond that which is pending.

On April 9, 2014, the parties contacted the Judge's chambers to initiate a teleconference concerning an ongoing discovery dispute. No conference has yet been scheduled. Solar believes that should it be allowed to file its Motion to Compel, and if it is granted in whole or in part, an extension of the discovery deadline may be necessary for the parties to complete discovery. If the court should deny Solar's Motion to Compel, Solar does not contemplate that an extension would be necessary as it has itself complied with its discovery obligations under the Rules.

As between Solar and FIC-Philippines, the Court has not yet entered a scheduling order.

B. SETTLEMENT

WWE has previously expressed an interest in an early settlement conference before a magistrate judge. At this point Solar does believe that a settlement conference before a magistrate judge would be appropriate. In addition, the parties believe that a settlement conference might also be helpful after the Court rules on the pending dispositive motions.

4

C.  TRIAL

Plaintiff WWE reserves the right to a jury trial before an Article III judge. Solar will consent to a bench trial before a Magistrate Judge. FIC-Philippines will consent to a bench trial before a Magistrate Judge in the event that the Court does not grant its motion to dismiss.

D.  ESTIMATED LENGTH OF TRIAL

WWE estimates that the trial of this case will take 2-3 days. The Defendant Solar estimates a week trial. At this time, FIC-Philippines cannot estimate the length of a trial of the third-party claims, as it is unclear whether FIC-Philippines will be able to compel the attendance of any Philippine fact witnesses, which is the subject of the Motion to Dismiss of FIC-Philippines on the grounds of forum *non conveniens*, pending before the Court.

PLAINTIFF and DEFENDANT-IN-COUNTERCLAIM,
WORLD WRESTLING ENTERTAINMENT, INC.

/s/ Jonathan B. Tropp
Jonathan B. Tropp  (ct11295)
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901
Telephone:  (203) 977-7300
Fax:   (203) 977-7301
E-mail:  jbtropp@daypitney.com

Jerry S. McDevitt
Curtis B. Krasik
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA  15222
Telephone:     (412) 355-6500
Fax:   (412) 355-6501
E-mail:  jerry.mcdevitt@klgates.com


DEFENDANT, PLAINTIFF-IN-COUNTERCLAIM, and
THIRD-PARTY PLAINTIFF,
SOLAR ENTERTAINMENT CORPORATION

/s/Christine A. Dixon
Kevin R. Joiner
Law Office of Kevin R. Joiner, LLC
1 Congress Street, Suite 212
Hartford, CT 06114
Telephone: (860) 524-9920
E-mail: kjoiner@klegalservices.com

Christine A. Dixon
1050 Connecticut Ave., NW
10th Floor
Washington, DC  20036
Telephone: (202) 656-9054
E-mail: cadixon@christineadixonattorneyatlaw.com

THIRD-PARTY DEFENDANT,
FOX INTERNATIONAL CHANNELS PHILIPPINES CORPORATION,

/s/Alison P. Baker
Shari M. Goodstein (ct17622)
Alison P. Baker (ct28136)
Shipman & Goodwin LLP
300 Atlantic Street, Third Floor
Stamford, CT 06901-3522
Telephone: (203) 324-8100
Fax: (203) 324-8199
E-mail: sgoodstein@goodwin.com
E-mail: abaker@goodwin.com

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT a copy of the foregoing Joint Status Report was filed using the Court's CM/ECF system this May, 9, 2014. Notice will be provided to counsel for all parties by operation of that system, and parties may access the filing electronically.

/s/ Jonathan B. Tropp